UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                      Case No. 08-CR-56

RICHARD HAEUSER and
MANDY HAEUSER,

        Defendants.

ORDER ADOPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Doc. # 50), DENYING DEFENDANT MANDY HAEUSER'S MOTION TO SUPPRESS PHYSICAL EVIDENCE (Doc. # 30); DENYING DEFENDANT MANDY HAEUSER'S MOTION TO SUPPRESS STATEMENTS (Doc. # 31); DENYING DEFENDANT RICHARD HAUESER'S MOTION TO SUPPRESS PHYSICAL EVIDENCE (Doc. # 28); AND SETTING FINAL PRETRIAL CONFERENCE

        On February 20, 2008, a federal grand jury sitting in this district returned a five-count indictment against defendants Richard and Mandy Haeuser. The defendants are charged in Count One of the indictment with falsely making counterfeited and altered obligations of the United States with intent to defraud, in violation of 18 U.S.C § 471. Counts Two through Four charge the defendants with passing and attempting to pass falsely made, counterfeited and altered reserve notes, in violation of 18 U.S.C. § 472. Count Five charges the defendants with keeping in their possession and concealing nine falsely made, counterfeited and altered federal reserve notes that the defendants made to appear to be $100 bills, in violation of 18 U.S.C. § 472.

        The defendants filed motions to suppress evidence obtained during the execution of arrest warrants on the morning of February 1, 2008. In addition, Mandy

Haeuser filed a motion to suppress statements made to arresting officers. Magistrate Judge Patricia Gorence held an evidentiary hearing on the motions on June 17, 2008. Special Agents Thomas Doyle and Jeremy Eichberger, who were involved in arresting and questioning defendants, testified, as did Mandy Haeuser. Richard Haeuser chose not to testify.

On July 30, 2008, Judge Gorence issued recommendations that this court deny the defendants' motions to suppress physical evidence seized from their home, as well as Mandy Haeuser's motion to suppress statements. On August 8, 2008, the defendants filed separate objections to Judge Gorence's recommendation, to which the government responded.

## I. STANDARD OF REVIEW

When objections to the magistrate judge's recommendations have been filed, the district court is required to review *de novo* those portions of the magistrate judge's report and recommendations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). However, the court is not required to hold further hearings to review the magistrate judge's findings or credibility determinations. *Goffman*, 59 F.3d at 671 (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). The district court may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). And, "if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671 (citing *Raddatz*, 447 U.S. at 676).

2

## II. DEFENDANTS' MOTIONS

The defendants moved for suppression of the evidence obtained by the agents. Richard Haeuser's Motion to Suppress Physical Evidence (Doc. # 28) questions whether he gave law enforcement officers consent to search his residence. (Richard Haeuser Motion to Suppress Physical Evidence at 1.) The motion mentions that only by giving consent would law enforcement be granted an exception to the warrant requirement of the Fourth Amendment to the United States Constitution. (*Id.*)

Mandy Haeuser's Motion to Suppress Physical Evidence (Doc. # 30) questions whether the consent she provided law enforcement was freely and voluntarily given. (Mandy Haeuser Motion to Suppress Physical Evidence at 3.) The motion outlines that there were no fewer than eight members of law enforcement at her home the morning of the search. (*Id.*) Mandy Haeuser was in her bathroom when the law enforcement officers arrived, she was separated from her husband, and she was told that he had given consent to search the house. (*Id.*) In addition, the motion focuses on Mandy Haeuser's severe health problems that she claims impacted her ability to provide voluntary consent. (*Id.* at 4.)

According to the motion, within an hour of the police arriving at her home Mandy Haeuser had ingested the series of prescription medications she takes to control her pain. (*Id.*) Mandy Haeuser argues in her motion that the medications are strong and, therefore, rendered her impaired. (*Id.*) Finally, Mandy Haeuser's Motion to Suppress Statements (Doc. # 31) stresses that her confessions were unrecorded. (Mandy Haeuser Motion to Suppress Statements at 2.) In addition, Mandy Haeuser claims that she could

3

not recall whether her *Miranda*[1] rights were read to her prior to the interrogation because she was under the influence of prescription medications. (*Id.*)

## III. JUDGE GORENCE'S RECOMMENDATION

Judge Gorence began her analysis by outlining the standard by which warrantless searches are to be examined. (Recommendation at 10.) Warrantless searches are *per se* unreasonable under the Fourth Amendment, but are subject to specific exceptions. *Mincey v. Arizona*, 437 U.S. 385, 390 (1978); *United States v. Robles*, 37 F.3d 1260, 1263 (7th Cir. 1994). One of the exceptions permits law enforcement officers conducting a search to enter a dwelling without a warrant if they obtain voluntary consent either from the individual whose property is to be searched or from a third party possessing common authority or joint control over the premises. *United States v. Sandoval-Vasquez*, 435 F.3d 739, 744 (7th Cir. 2006); *United States v. Saddeh*, 61 F.3d 510, 517 (7th Cir. 1995). To determine the voluntariness of a consent, a court must inquire whether, under the totality of the circumstances, the "defendant's will was overborne at the time he confessed" by law enforcement officers. *Haynes v. Washington*, 373 U.S. 503, 513 (1963) (quoting *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963)).

Judge Gorence found that the evidence established that after Secret Service agents and local law enforcement agents entered the Haeusers' home, both defendants were read *Miranda* rights from a Secret Service advice of rights card. (Recommendation at 3.) The defendants indicated that they understood their rights and were willing to talk to the agents. (*Id.*) After asking Richard Haeuser for consent to search the residence and

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

explaining that the agents could potentially obtain a search warrant if they did not receive consent, he deferred to his wife. (*Id*. at 4.) Judge Gorence observed that Richard Haeuser did not indicate to the agents that his wife had any problems which would impact her ability to make the decision regarding consent to the search. (*Id*.) Mandy Haeuser gave verbal consent to the search and signed a written consent-to-search form after it was read to her. (*Id*.) In addition, Mandy Haeuser initialed the written consent-to-search form giving the agents authority to search the vehicles, and signed a "Consent to Search Computer/Electronic Equipment" form after the agents discovered a computer in a bedroom. (*Id*. at 5-6.)

Judge Gorence noted that Mandy Haeuser was neither handcuffed during the interview with Special Agent Eichberger nor threatened, coerced, or intimidated in any way. (*Id*. at 14.) Not only were no threats, promises, or physical force used to obtain consent, but Special Agent Eichberger testified that Mandy Haeuser was cooperative, polite, and cordial. (*Id*.)

In addition, Judge Gorence addressed Mandy Haeuser's claim that she was under the influence of prescription medications and incapable of waiving her rights and giving informed and voluntary consent to search the home and computer. (*Id*.) Judge Gorence first wrote that Richard Haeuser was a nurse and Mandy Haeuser's primary caregiver. (*Id*.) Mandy Haeuser outlined her numerous medical conditions, including ovarian cysts, degenerative disc disease, and cysts on her spine. (*Id*. at 7.) As Mandy Haeuser's primary caregiver, Richard Haeuser would have been knowledgeable about the medication she was taking. (*Id*. at 14.) In light of this, when deferring to his wife to make

5

the decision whether to consent to a search, Richard Haeuser never mentioned that his wife was under the influence of prescription or any other drugs. (*Id.*) Indeed, Richard Haeuser never indicated in any way that his wife had medical problems which could impair her ability to give informed consent. (*Id.*)

While Judge Gorence found the agents' testimony regarding the consent to search the premises and the surrounding circumstances clear and forthright, she did not find Mandy Haeuser's testimony credible. (*Id.*) Judge Gorence highlighted the fact that much of the testimony given during the hearing was conflicting. (*Id.* at 15.) Mandy Haeuser first confirmed that her attorney had explained her rights to her immediately prior to the hearing but then testified that she did not remember what her attorney had said to her during the conversation before the hearing. (*Id.*) However, Mrandy Haeuser again reversed her position and testified that she remembered that her attorney had explained her rights to her at that time. (*Id.*) While Judge Gorence did not find the testimony credible, she observed that Mandy Haeuser claimed to be on the same medications at the hearing that apparently impaired her judgment on the day of her arrest. (*Id.* at 14-15.) However, Mandy Haeuser was "alert, articulate and understood and responded appropriately to the questions posed to her." (*Id.*) In light of her composed performance at the hearing, Judge Gorence found Mandy Haeuser's claim that she was unable to consent to the searches because of the medications she was taking not credible. (*Id.* at 15.)

Judge Gorence also addressed Mandy Haeuser's claim that she was not advised of her right to refuse to consent to the search, stating that such knowledge is not

6

a prerequisite to a voluntary consent. (*Id*. at 16.) Moreover, the consent forms which were read to Mandy Haeuser and signed by her stated that she had a "constitutional right not to have a search made . . . without a search warrant" and that she had a "right to refuse to consent to such a search." (*Id*. at 4.)

## IV. DEFENDANTS' OBJECTIONS TO THE RECOMMENDATION

The Haeusers filed separate briefs objecting to Judge Gorence's recommendation.[2] They assert Judge Gorence misconstrued their arguments regarding consent when she wrote "[t]he defendants' sole contention in support of their motions to suppress is that because Mandy Haeuser was under the influence of prescription medications which impaired her judgment, she was incapable of waiving her rights and giving informed and voluntary consent to search their home." (Mandy Haeuser Obj. to Rec. at 1-2.) In objection to Judge Gorence's recommendation, they claim that under the totality of the circumstances, of which Mandy Haeuser's medical condition is one factor, any purported consent was not provided involuntarily. (*Id*.)

In support of this contention, Mandy Haeuser cites the testimony of Special Agent Eichberger that Mandy Haeuser appeared to be in "bad shape," and that he could not remember whether she had told him she was taking any medication for her various conditions. (*Id*.) Further, the Haeusers note that at least seven law enforcement officers arrived at the home, pushed open the door, and handcuffed Richard Haeuser. (*Id*.) Mandy Haeuser was separated from her husband and was alone in her room with her small child.

---

[2] Richard Haeuser's Objections to the Magistrate Judge's Recommendation are nearly identical to contentions articulated in Mandy Haeuser's Objections, namely that all of the factors considered together contributed to her inability to consent freely and voluntarily. Therefore, to reduce duplicity, citations to the Objections will be in reference to Mandy Haeuser's Objections to the Magistrate Judge's Recommendation when appropriate.

7

(*Id*.) And, while in custody, Mandy Haeuser was presented with a "false choice" between consenting to the search or forcing the law enforcement agents to obtain a search warrant. (*Id.* at 3.)

**V. ANALYSIS**

Judge Gorence was correct in determining that the defendants' claims fail to establish that Mandy Haeuser's consent was not given freely and voluntarily.[3] Although Mandy Haeuser was in custody when she was asked for consent and surrounded by law enforcement, there is no evidence that she was "threatened, coerced or intimidated in any way to consent to the searches." (Recommendation at 14.)

The testimony of Special Agent Eichberger showed that Mandy Haeuser was cooperative, polite, and cordial. (*Id*.) That law enforcement officers were present in the Haeuser's home during the course of their investigation is related to the execution of the arrest warrant. The record does not support the conclusion that Mandy Haeuser was intimidated or threatened to the point of overcoming her will. *See Haynes*, 373 U.S. at 513 (noting the true test of admissibility is that the confession is made freely, voluntarily and without compulsion or inducement of any sort). However, the balance would tip in favor of finding no consent if the "emotional distress [is] so profound as to impair [a person's] capacity for self-determination or understanding of what the police [are] seeking." *United States v. Duran*, 957 F.2d 499, 503 (7th Cir. 1992). Nevertheless, Judge Gorence

---

[3] Judge Gorence also addressed in her recommendation to this court the issue of suppressing Mandy Haeuser's confession because it was not recorded. Judge Gorence noted that the motion was denied prior to the court receiving evidence at the evidentiary hearing and therefore included the issue in her recommendation. The defendant's do not object to this portion of the recommendation.

8

concluded, a "cooperative, polite and cordial" reaction certainly does not indicate a high level of emotional distress. (Recommendation at 14.)

Under the circumstances, Mandy Haeuser's claim that she was given an either/or choice to consent is insufficient. By informing Mandy Haeuser of his intention to get a warrant if she refused to consent to the search of her residence, Special Agent Eichberger was presenting another option in the event she refused to consent. He testified "I told her, based on what I see here, I will go apply and get a warrant . . . if she gave me consent, that makes my job easier." (Gov't Resp. to Defs.' Obj. at 6.)

Further, even if Mandy Haeuser was not informed of her right to refuse consent to the search of her home, Judge Gorence was correct in finding no such knowledge is required for a voluntary consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1972) (noting while knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the *sine qua non* of an effective consent). Regardless, after having the consent-to-search forms read to her, Mandy Haeuser signed and initialed both forms. Each form stated clearly that she had a "constitutional right not to have a search made . . . without a search warrant." (Recommendation at 4.) In light of these facts, the Haeusers' argument on this point fails.

In sum, the court has fully considered Judge Gorence's recommendations, the defendants' motions and objections, as well as the government's response to the defendants' objections, and finds, under the totality of the circumstances, Mandy Haeuser's consent was given freely and voluntarily. Further, a review of Judge Gorence's recommendation shows that she considered the totality of the circumstances in concluding that "Mrs. Haeuser was properly advised of her constitutional rights and . . . she knowingly

9

consented to the search of her residence, automobiles and the computer." (Recommendation at 15.)

Now, therefore,

IT IS ORDERED that Magistrate Judge Gorence's recommendation (Doc. # 50) is adopted.

IT IS FURTHER ORDERED that defendant Richard Haeuser's Motion to Suppress Evidence (Doc. # 28) is denied.

IT IS FURTHER ORDERED that defendant Mandy Haeuser's Motion to Suppress Evidence (Doc. # 30) is denied.

IT IS FURTHER ORDERED that defendant Mandy Haeuser's Motion to Suppress Statements (Doc. # 31) is denied.

IT IS FURTHER ORDERED that a final pretrial conference is set for Wednesday, October 22, 2008, at 11:00 a.m. in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2008.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE